UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROLAND BROCKRIEDE,

        Petitioner,        Case Number: 04-74214

v.        HONORABLE PATRICK J. DUGGAN

SHERIFF PICKELL,

        Respondent.
_____/

## ORDER DENYING MOTION FOR DECLARATORY JUDGMENT

At a session of said Court, held in the U.S. District Courthouse, City of Detroit, County of Wayne, State of Michigan, on <u>MAY 5, 2005</u>.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

In an Opinion dated December 9, 2004, this Court dismissed Petitioner Roland Brockriede's petition for a writ of habeas corpus without prejudice because Petitioner had not yet exhausted his state court remedies with respect to the claims asserted in his habeas petition. On February 14, 2005, this Court denied Petitioner's Motion for Reconsideration. Presently before the Court is Petitioner's Motion for Declaratory Judgment "to declare Order of December 9, 2004 and unauthorized Reconsideration Order of February 14, 200[5] 'void' . . . pursuant to [FED. R. CIV. P.] 60(b)." (Mot. at 1). Petitioner filed this motion on April 19, 2005.

>Rule 60(b) provides, in pertinent part:
>
>On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

FED. R. CIV. P. 60(b). Petitioner does not specify which subsections apply to his Rule 60(b) Motion. However, Petitioner does not allege any facts in his motion which would support a motion for relief from judgment or order pursuant to FED. R. CIV. P. 60(b) under subsections (1), (2), (3), (4), or (5).

A district court should grant relief from operation of a judgment under Rule 60(b)(6) when it determines in its sound discretion that substantial justice would be served. *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir. 1985). Such relief, however, should be applied "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

Petitioner does not identify the existence of any "extraordinary circumstances" entitling him to relief under Rule 60(b)(6). Instead, Petitioner merely asserts that the Court's rulings on the issues previously presented were erroneous and raises the same issues previously presented in Petitioner's Motion for Reconsideration.

2:04-cv-74214-PJD-SDP   Doc # 8   Filed 05/05/05   Pg 3 of 3   Pg ID 115

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Declaratory Judgment is **DENIED**.

                                                 s/PATRICK J. DUGGAN
                                                 UNITED STATES DISTRICT JUDGE

Copies to:

Roland Brockriede, # 407144
Genesee County Jail
1002 S. Saginaw St.
Flint, MI 48502

3